1
2
3
4
5
6
7
8

9        **UNITED STATES DISTRICT COURT**

10       **EASTERN DISTRICT OF CALIFORNIA**

11       **FRESNO DIVISION**

12

13   DOUGLASS DENSAL BROWN,              Civil No.          1:07-1761 H (PCL)

14                        Petitioner,

                                        **ORDER:**
15
                       vs.              **(1) GRANTING PETITIONER'S**
16                                      **MOTION TO AMEND PETITION TO**
                                        **ADD THE PROPER RESPONDENT [Doc.**
17                                      **No. 13];**
     MATTHEW CATE, Secretary,
18                                      **(2) DENYING PETITIONER'S MOTION**
                                        **FOR RULING [Doc. No. 15]; and**
19                       Respondents.
                                        **(2)  DENYING PETITION FOR WRIT OF**
20                                      **HABEAS CORPUS[1]**

21   I.      **INTRODUCTION**

22          Douglass Densal Brown, a state prisoner proceeding pro se, has filed a Petition ("Pet.") in the

23   United States District Court for the Eastern District of California challenging the his June 19, 2005

24   parole revocation hearing.  Brown claims his federal due process rights were violated when the

25   revocation hearing was conducted thirty-nine days after a parole hold was placed on him, in violation

26   of the maximum thirty-five day period mandated by the permanent injunction entered in *Valdivia v.*

27   _____

28          [1]  Because the Court is denying the petition, Brown's "Motion for Ruling on Habeas Corpus" [doc. no.
     15] is **DENIED** as moot.

1  *Schwarzenegger*, No. S-94-0671 LKK/GGH (E.D. Cal. 2004).  (*See* Pet. at 5; Pet'rs Mem. P. & A. Supp.

2  Pet. at 8-10.)

3       The Court has considered the Petition, Petitioner's Memorandum of Points and Authorities in

4  Support of the Petition, Respondent's Answer and Memorandum of Points and Authorities in Support

5  of the Answer, the Traverse submitted by Brown, the Exhibits and all the supporting documents

6  submitted by the parties.  Based upon the documents and evidence presented in this case, and for the

7  reasons set forth below, the Petition is **DENIED.**  The Court **GRANTS** Brown's motion to amend his

8  petition to name the proper respondent.

9  **II.**     **FACTUAL AND PROCEDURAL BACKGROUND**

10       Brown was on parole in case number BA 173927 in January of 2005.  (*See* Respt's Ex. 7 at 3.)

11  He was arrested on a new charge on June 10, 2005 and a parole hold was placed on him.  (*Id.*)  A parole

12  revocation hearing was held on July 19, 2005, thirty-nine days later and his parole was revoked.  (*Id.*)

13  He was sentenced to twelve months in prison on the parole violation.  (*Id.*)

14       On October 14, 2005, Brown filed a petition for writ of habeas corpus in the Superior Court for

15  the County of Amador challenging the validity of his parole revocation hearing.  (Resp'ts Ex. 2.)  On

16  February 1, 2006, the superior court denied the petition with regard to Brown's claim that his federal

17  due process rights were violated when the parole revocation hearing was held more than thirty-five days

18  after the parole hold was placed on him in violation of the permanent injunction filed in *Valdivia v.*

19  *Schwarzenegger.* No. S-94-0671 LKK/GGH (E.D. Cal. 2004).  The court issued an Order to Show

20  Cause, however, as to Brown's claim that his Sixth Amendment confrontation clause rights were

21  violated.  (Resp'ts Ex. 3.)

22       On June 10, 2006, Brown was released on parole.  (Resp'ts Ex. 8 at 2.)  The superior court issued

23  an Order granting Brown's petition as to the Sixth Amendment claim on November 13, 2006 and

24  ordered a new parole hearing.  (Resp'ts Ex. 4.)  On July 24, 2006, the parole board vacated the July 2005

25  parole decision and gave Brown a new hearing.  (Resp'ts Ex. 6.)  Brown was sentenced to a nine-month

26  prison term.  (Resp'ts Ex. 7, Ex. 8 at 2.)

27       Brown filed a petition for writ of habeas corpus in the California Court of Appeal for the Third

28  Appellate District on December 14, 2006 raising the *Valdivia* and Sixth Amendment claims.  (Resp'ts

Ex. 5.)  The court denied the petition without comment.  (*Id.*)  Brown then filed a petition for writ of habeas corpus in the California Supreme Court which also raised the *Valdivia* and Sixth Amendment claims.  (Resp't's Ex. 9.)  The court denied the petition without comment.  (*Id.*)

During the pendency of this matter, Brown has completed his sentence and parole periods in the underlying conviction which is the subject of this petition, case number BA 173927.  (Resp't's Ex. 8 at 2.)  In addition, while this petition was pending Brown completed a sentenced on a different set of charges in case number 1212983.  (*Id.* at 1-2.)  According to a change of address Brown filed on April 14, 2009, Brown has now been released on parole in that case as well.  (*See* Doc. No. 19.)

## III.   DISCUSSION

A.   Standard of Review

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (2006) (emphasis added).  As amended, 28 U.S.C. § 2254(d) reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006) (emphasis added).

"[The Anti Terrorism and Effective Death Penalty Act] establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  *Womack v. Del Papa*, 497 F.3d 998, 1001 (9th Cir. 2007) (quoting *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)).  To be entitled to relief, Brown must satisfy either § 2254(d)(1) or § 2254(d)(2).

1    *See Williams v. Taylor*, 529 U.S. 362, 403 (2000).  The Supreme Court interprets § 2254(d)(1) as

2    follows:

3          Under the "contrary to" clause, a federal habeas court may grant the writ if the state
           court arrives at a conclusion opposite to that reached by this Court on a question of law

4          or if the state court decides a case differently than this Court has on a set of materially
           indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas

5          court may grant the writ if the state court identifies the correct governing legal principle
           from this Court's decisions but unreasonably applies that principle to the facts of the

6          prisoner's case.

7    *Id.* at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

8          Where there is no reasoned decision from the state's highest court, the Court "looks through"

9    to the underlying appellate court decision.  *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991).  If the

10   dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must

11   conduct an independent review of the record to determine whether the state court's decision is contrary

12   to, or an unreasonable application of, clearly established Supreme Court law.  *See Delgado v. Lewis*, 223

13   F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes*

14   *v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  A state court, however, need not cite Supreme Court

15   precedent when resolving a habeas corpus claim.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  "[S]o long as

16   neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]"

17   *id.*, the state court decision will not be "contrary to" clearly established federal law.  *Id.*

18         B.      <u>Analysis</u>

19         Brown asserts one claim in his petition, namely that his federal due process rights were violated

20   when the Board of Prison Terms conducted his parole revocation hearing thirty-nine days after a parole

21   hold was placed on him, in violation of the permanent injunction entered in *Valdivia*.  Respondent

22   argues the petition should be dismissed because: (1)  Brown has not named the proper respondent; (2)

23   Brown is no longer in custody and there is no case or controversy for this Court to decide; and (3) the

24   state court's denial of Brown's claim is neither contrary to, nor an unreasonable application of, clearly

25   established Supreme Court law.

26         1.      *Improper Respondent*

27         As an initial matter, the Court declines to dismiss the petition because Brown has failed to name

28   the proper respondent.  It is correct, as Respondent asserts, that in a federal habeas corpus action, a state

1  prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*,

2  81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The warden is the typical

3  respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state

4  officer having custody' may be 'either the warden of the institution in which the petitioner is

5  incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28

6  U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he

7  is challenging, '[t]he named respondent shall be the state officer who has official custody of the

8  petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory

9  committee's note).

10      This case has been pending since October 1, 2007, and it would be unjust to dismiss Brown's

11  action at this late date due to a technical pleading matter which could have been corrected had Brown

12  been made aware of it earlier in the proceedings. Moreover, Brown has filed a motion to amend his

13  petition in order to name the proper Respondent. (*See* Doc. No. 13.) For all the foregoing reasons, the

14  Court hereby **GRANTS** Brown's motion. In order to avoid changing the Respondent if Brown violates

15  his parole and is subsequently re-incarcerated, the Court **ORDERS** that Matthew Cate, the Secretary

16  of the Department of Corrections, be substituted as Respondent in this matter.

17          2.    *Case or Controversy Requirement*

18      As previously noted, Brown is no longer in custody pursuant to the parole revocation hearing

19  he seeks to challenge nor to the conviction underlying that parole hearing decision having served the

20  maximum time allowable for that offense. (*See* Resp'ts Ex. 8 at 2.) Respondent argues the petition

21  should be dismissed because there is no case or controversy to be decided now that Brown's sentence

22  has expired. (Answer at 4-5.)

23      The Supreme Court has delineated the scope of the "case or controversy" requirement in the

24  context of a habeas corpus petition as follows:

25          An incarcerated convict's (or a parolee's) challenge to the validity of his
        conviction always satisfies the case-or-controversy requirement, because the
26      incarceration (or the restriction imposed by the terms of the parole) constitutes concrete
        injury, caused by the conviction and redressable by invalidation of the conviction. Once
27      the convict's sentence has expired, however, some concrete and continuing injury other

28  / / /

1    than the now-ended incarceration or parole — some "collateral consequence" of the
2    conviction — must exist if the suit is to be maintained.

3    *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

4        In his Traverse, Brown contends that he has suffered and will continue to suffer collateral
5    consequences as a result of the allegedly improper parole hearing.  Specifically, he contends that under
6    California law he was denied probation and his sentence was enhanced with respect to his most recent
7    offense because of the parole violation and the sentence he received.  (Traverse at 7-11.)  In addition,
8    he alleges that if he is convicted of a future offense, under California law he will be ineligible for
9    probation and his sentence will be enhanced as a result of the parole proceeding.  In *Spence*, the
10   Supreme Court rejected this as a basis for finding a collateral consequence existed when the sentence
11   which forms the basis for a federal habeas petition expired:

12           Petitioner's second contention is that the Order of Revocation could be used to
         increase his sentence in a future sentencing proceeding.  A similar claim was likewise
13       considered and rejected in *Lane*, because it was contingent upon respondents' violating
         the law, getting caught, and being convicted.  "Respondents themselves are able — and
14       indeed required by law — to prevent such a possibility from occurring."  [Citation
         omitted.] . . . "[W]e are . . . unable to conclude that the case-or-controversy requirement
15       is satisfied by general assertions or inferences that in the course of their activities
         respondents will be prosecuted for violating valid criminal laws.  We assume that
16       respondents will conduct their activities within the law and so avoid prosecution and
         conviction."  [Citation omitted.]

17

18   *Id*. at 15.

19       Thus, "because establishing the invalidity of his [parole hearing] could have no effect on the
20   [twelve months] of additional incarceration . . . that resulted from it," Brown's petition does not present
21   a case or controversy for this Court.  *See Nonnette v. Small*, 316 F.3d 872, 875 (9th Cir. 2002).  The
22   petition must be dismissed.

23       3.    *Federal Question*

24       Brown's sole contention in his petition is that his federal due process rights were violated when
25   the parole board held his parole revocation hearing thirty-nine days after a parole hold was placed on
26   him in violation of the permanent injunction entered in *Valdivia* which states that such hearings must
27   be held no later than thirty-five days after the hold is entered.  *See Valdivia*, No. S-94-0671 LKK (GGH)
28   (E.D. Cal. 2004).  Brown argues that the parole hearing was invalid because of the four day delay.  (Pet.

at 5; Pet'rs Mem. P. & A. Supp. Pet. at 8-10.)  Respondent counters that the state court's denial of this

claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court

law.  (Answer at 5-7.)

Brown raised this claim in the petition for writ of habeas corpus he filed in the California

Supreme Court and the California Court of Appeal; both petitions were denied without citation of

authority. (Resp'ts Exs. 5, 9.)  Accordingly, this Court must "look through" to the Amador Superior

Court's written opinion denying the claim as the basis for its analysis. *Ylst*, 501 U.S. at 801-06.  That

court wrote:

> The *Valdivia* Order requires a revocation hearing to be held within thirty-five
> days of the parole hold.  However, said Order does not provide a remedy for failure to
> comply with the proscribed time limits.  Petitioner acknowledges the same, but requests
> that this Court fashion an appropriate remedy.
>
> The *Valdivia* Order states:
>
> 28.  The Court shall retain jurisdiction to enforce the terms of this Order.
> The Court shall have the power to enforce the terms of this Order through
> specific performance and all other remedies permitted by law or equity.
>
> By the terms of the Order, the Eastern District of California has retained
> jurisdiction to provide appropriate enforcement of the terms therein.
>
> The principle of comity involves a forbearance, which the courts of coordinate
> jurisdictions exercise towards each other.  (*Kopp v. Fair Pol Practices Com.* (1995) 11
> Cal.4th 607, 684, fn. 6 discussing *Covell v. Heyman* (1884) 111 U.S. 176, 184; see also
> *Ex Parte Rowe* (1987) 7 Cal. 175, 176.)
>
> However, between state courts and those of the United States, more than comity
> is involved; forbearance is a principle of right and of law and, therefore, of necessity.
> (*Kopp*, *supra*, at 684.)  Both deliberate disregard of a federal court order and nonchalant
> treatment of the terms of such an order are completely unacceptable.  (*People v. Black*
> (2004) 116 Cal.App.4th 103.)
>
> This Court declines to fashion a remedy for violation of the *Valdivia* time limits.
> This Court shall respect the Order of the Eastern District and defer jurisdiction to said
> Court pursuant to the terms of the Order and the doctrines of comity and supremacy.
> Therefore, the petition is denied as to all contentions pertaining to timeliness of the
> hearings and any other claims pursuant to *Valdivia*.

(Resp'ts Ex. 3 at 1-2.)

As discussed above, a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 may only be

granted if a petitioner can establish that the state court's denial of his claim was contrary to, or an

unreasonable application of, *clearly established Supreme Court law*. 28 U.S.C. § 2254(d)(1) (emphasis

added.)  Section 2254(d)(1) restricts the source of clearly established law to United States Supreme

Court holdings.  *See Carey v. Musladin*, 549 U.S. 70, 77 (2006);  *Smith v. Patrick*, 508 F.3d 1256, 1260

(9th Cir. 2007).  Thus, Supreme Court cases discussing and defining parolees' federal due process rights

in the context of parole revocation hearings, and not the permanent injunction entered in *Valdivia*,

govern this Court's analysis.  The Supreme Court addressed the scope of such rights in *Morrissey v.*

*Brewer*, 408 U.S. 471 (1972) and stated as follows:

> . . .The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation doe not warrant revocation.  The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody.  A lapse of two months, as respondent suggests occurs in some cases, would not appear to be unreasonable.

> We cannot write a code of procedure; that is the responsibility of each State. Most States have done so by legislation, others by judicial decision usually on due process grounds. [footnote omitted.]  Our task is limited to deciding the minimum requirements of due process.  They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Id.* at 488-89.

Given that the Supreme Court has found that a delay of two months (sixty days) before a parole

revocation hearing is held satisfies a parolee's due process rights, the state court's denial of Brown's

claim that his federal due process rights were violated when his hearing was held thirty-nine days after

a parole hold was placed on him was neither contrary to, nor an unreasonable application of, clearly

established Supreme Court law.[2]  *See DeGidio v. Pung*, 920 F.2d 525, 534-35 (8th Cir. 1990)

(concluding in a 42 U.S.C. § 1983 case that remedial decrees are means by which unconstitutional

conditions are corrected by do not create or enlarge constitutional rights); *accord Green v. McKaskle*,

788 F.2d 1116, 1123-24 (5th Cir. 1986).

/ / /

---

[2]  At least two cases from the United States District Court for the Eastern District have also concluded that *Valdivia* does not form the basis for relief pursuant to 28 U.S.C. § 2254.  *See Soto v. Board of Prison Terms*, No. CIV S-07-0414 GEB DAD P (E.D. Cal. Dec. 6, 2007); *Hope v. Felker*, No. CIV S–05–0721 FCD DAD P (E.D. Cal. April 5, 2006).

1    IV.    <u>**CONCLUSION**</u>

2          Having carefully considered Brown's motion to amend to name the correct Respondent and his

3    Petition, Respondent's Answer and Memorandum of Points and Authorities in Support of the Answer,

4    Brown's Traverse, and all the documents and legal authorities submitted by the parties, for all the

5    foregoing reasons the Court **GRANTS** Brown's motion to amend to name the correct Respondent and

6    substitutes Matthew Cate, Secretary as Respondent.   The Court also **DENIES** Brown's Motion for

7    Ruling on Habeas Corpus and **DENIES** petition.   The Clerk of Court is directed to enter a judgment

8    granting the  motion and denying the petition with prejudice.

9          **IT IS SO ORDERED.**

10   **DATED:**   June 26, 2009

11

12                                           MARILYN L. HUFF, District Judge
                                             UNITED STATES DISTRICT COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28